**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1953-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

IBN BAILEY,

    Defendant-Appellant.

_____

Submitted June 4, 2026 – Decided August 6, 2026

Before Judges Mawla and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 15-12-1572.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Wayne Mello, Hudson County Prosecutor, attorney for respondent (Josemiguel DeJesus Rodriguez, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Ibn Bailey appeals from a December 10, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

We previously recounted the facts in our opinion upholding defendant's murder and weapons convictions as well as his seventy-five-year sentence. See State v. Bailey, No. A-5869-17 (App. Div. Jan. 6, 2021) (slip op. at 5-10). In summary, police responded to a call of an individual "hunched over" in a car and discovered the man was dead from a gunshot wound to the head. Id. at 5. The investigation revealed eight fingerprints on the passenger door handle and window, which resulted in defendant's identification as a suspect. Ibid.

Phone records revealed the victim had offered to pay defendant to have sex with him, and they agreed to meet the day of the murder. Id. at 5-6. Video surveillance footage showed the victim enter defendant's apartment building and then both men leave about an hour later. Id. at 6. Detectives were able to track their movements that afternoon through cell tower and phone records, automated license plate readers, and surveillance camera footage. Id. at 6-8.

Although there was no footage of the shooting, investigation revealed defendant was in the vicinity of the crime scene. Id. at 7-8. Two days after the

murder, defendant's phone accessed two news articles about the murder, one of which identified him by name as the individual authorities believed was the shooter. Id. at 8. Defendant acquired a new phone, left the state, and was eventually arrested in Virginia. Id. at 8-9. Defendant subsequently gave a statement to detectives, wherein he denied killing the victim. He claimed they were selling drugs that day in Newark, after which the victim dropped him off in Jersey City. Id. at 9-10.

A Hudson County grand jury returned a five-count indictment charging defendant with first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2) (count one); first-degree felony murder, N.J.S.A. 2C:11 3(a)(3) (count two); second-degree robbery, N.J.S.A. 2C:15-1 (count three); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39 4(a) (count four); and second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count five).

Following trial, the jury found defendant guilty of murder and the two weapons offenses, and not guilty of the remaining charges. At sentencing, the court merged count four with count one and imposed a seventy-five-year prison term for murder and a concurrent seven-year prison term for unlawful possession of a weapon.

3

Defendant's direct appeal raised six points of error: the jury should have been charged with identification; expert testimony on mobile telecommunications data was improperly admitted; testimony suggesting defendant was a convicted felon was improperly admitted; reference to the victim's drug dealing was improperly precluded; the cumulative effect of the errors resulted in an unfair trial; and the sentence was manifestly excessive. Bailey, slip op. at 3-5. Following our affirmance, the Supreme Court denied defendant's petition for certification. State v. Bailey, 247 N.J. 402 (2021).

Defendant's petition for PCR raised four substantive points, the first of which contended his appellate counsel was ineffective for failing to appeal an issue regarding a jury question. After the PCR judge scheduled an evidentiary hearing on the latter three issues, defendant withdrew those issues from consideration. Because the judge had already determined the first point did not require an evidentiary hearing, he decided the petition on the papers submitted.

The PCR judge explained what occurred at trial. During deliberation, the jury asked the court: "Are indictments[1] one and two independent of one another? For example does . . . defendant need to be found guilty of both or

---

[1] The trial judge clarified the jurors had mistakenly referred to counts one and two as indictments one and two.

innocent of both or can . . . defendant be found guilty of one and not the other?" During a conference on the question, defense counsel raised concerns the instructions may have confused the jurors. She asked the judge to clarify for count two, the felony murder charge, the jury must find defendant caused the death and not just that the death happened during the commission of a felony. The State disagreed, contending that rereading the instructions could lead the jurors to believe if they acquitted defendant for murder, they would have to acquit him for felony murder. After considering counsels' argument, the trial judge deemed it unnecessary to re-instruct the jury because the question simply asked if the charges were separate or connected. Thus, the judge answered the jury's question, "[C]harge one and two in the indictment are independent of one another."

Defendant's PCR petition contended appellate counsel was ineffective by failing to argue on appeal the trial judge erred in responding to the question by refusing to recharge the jury as to causation. The PCR judge rejected this argument, finding "[t]he trial court properly cleared the confusion and did so without being obligated to reread the entire charge in order to provide a simple

A-1953-24

clarification pursuant to McClain.[2]  The jury's lack of follow up questions suggests this response was satisfactory."

The judge further found:

> Considering the appropriateness of the jury charge provided, . . . [defendant] fail[ed] to demonstrate how appellate counsel's decision not to raise this issue on direct appeal was anything other than the exercise of reasonable professional judgment and sound strategy. Or alternatively, that had appellate counsel raised the issues, there was a reasonable probability of a different outcome on appeal. . . . It is not unreasonable to understand why appellate counsel would decline to challenge the answer provided and focus instead on the five issues that were raised.

The judge concluded defendant neither established appellate counsel's performance was deficient nor that the outcome would have been different had counsel raised the issue.  Thus, he denied the petition.

II.

Defendant raises a single point on appeal:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT APPELLATE COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO ARGUE ON APPEAL THAT THE TRIAL COURT ERRED WHEN IT REFUSED TO RECHARGE THE JURY ON CAUSATION AFTER ITS QUESTION ABOUT COUNTS ONE AND TWO.

---

[2]  State v. McClain, 248 N.J. Super. 409, 421 (App. Div. 1991).

6

We review the denial of PCR without an evidentiary hearing de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018). To obtain relief based on ineffective assistance of counsel, a defendant must demonstrate that both: "counsel's performance was deficient" and "counsel's errors were so serious as to deprive the defendant of a fair trial." Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 52 (1987).

Under the first prong, counsel's representation must be objectively unreasonable. State v. Pierre, 223 N.J. 560, 578 (2015). Under the "'second, and far more difficult, prong of the' Strickland standard," State v. Gideon, 244 N.J. 538, 550 (2021) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)), a defendant "must show that the deficient performance prejudiced the defense." State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. at 687).

To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694).

Proof of prejudice under Strickland's second prong "is an exacting standard." Id. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). A

7

defendant seeking PCR "must 'affirmatively prove prejudice'" to satisfy the second prong of the Strickland standard. Ibid. (quoting Strickland, 466 U.S. at 693).

Prejudice is not presumed, ibid., and a defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984). This is because there is a strong presumption counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

Pursuant to these principles, we affirm the denial of defendant's PCR petition substantially for the reasons expressed in the PCR judge's written opinion. We add the following comments.

"[A] jury charge is presumed to be proper when it tracks the model jury charge." State v. Cotto, 471 N.J. Super. 489, 543 (App. Div. 2022). "When a jury requests clarification, the trial judge is obligated to clear the confusion." State v. Conway, 193 N.J. Super. 133, 157 (App. Div. 1984). "An appropriate judicial response requires the judge to read the question with care to determine precisely what help is needed." State v. Parsons, 270 N.J. Super. 213, 221 (App. Div. 1994). A judge is not required to reread the entire charge when the jury

requests specific definitions or clarification.  McClain, 248 N.J. Super. at 421.  "The failure of the jury to ask for further clarification or indicate confusion demonstrates that the response was satisfactory."  Ibid.

Here, the jury asked a simple question to clarify its responsibility under the first two counts, and the judge directly answered the question.  There was no follow up question or request for clarification.  Thus, the PCR judge correctly concluded defendant failed to demonstrate appellate counsel's failure to appeal on these grounds was constitutionally deficient or that, had counsel raised the issue, the outcome of the appeal would have been different.

Defendant did not demonstrate a prima facie claim for relief, material issues of disputed fact, or an evidentiary hearing was necessary.  As a result, the denial of his request for a hearing was not an abuse of discretion.  R. 3:22-10(b); see Preciose, 129 N.J. at 462-63.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1953-24